[Cite as *State v. Kilton*, 2019-Ohio-87.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106864**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DUANE ALLEN KILTON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618621-A

**BEFORE:** S. Gallagher, P.J., Keough, J., and Handwork, J.*

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Kristin M. Karkutt
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1}   Appellant Duane Allen Kilton appeals his convictions in this case.   Upon review, we affirm.

{¶2} On June 29, 2017, appellant was charged under a multicount indictment with two counts of rape, two counts of kidnapping, two counts of domestic violence, one count of intimidation of a witness, one count of obstructing official business, and two counts of child endangering.   He entered a plea of not guilty, and the case proceeded to a jury trial.

{¶3} Following presentation of the state's case, the trial court denied appellant's Crim.R. 29 motion for acquittal.   After the defense rested, the state dismissed the two counts of child endangering.   The jury found appellant not guilty of the rape and kidnapping counts.   The jury found appellant guilty of the two counts of domestic violence in violation of R.C. 2919.25(A), felonies of the third degree, and further found appellant was previously convicted of the crime of domestic violence; guilty of intimidation of a witness in violation of R.C. 2921.04(B)(1), a

felony of the third degree; and guilty of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree, and further found appellant did create a risk of physical harm to Officer Kevin Smith. The trial court imposed an aggregate term of imprisonment of 24 months.

{¶4} Appellant timely filed this appeal. He raises two assignments of error for our review.

{¶5} Under his first assignment of error, appellant claims that the state failed to present sufficient evidence to support his convictions for intimidation of a witness and obstructing official business. A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶6} We first consider appellant's conviction for intimidation of a witness in violation of R.C. 2921.04(B)(1), which provides as follows:

(B) No person, knowingly and by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, or hinder any of the following persons:

(1) The victim of a crime * * * in the filing or prosecution of criminal charges * * *[.]

**{¶7}** In this case, the victim testified to the details of two incidents of abuse committed against her by appellant, with whom she resided and had been in a relationship with for 12 or 13 years. After the victim had reported the abuse to her counselor at a clinic, and after being examined at a hospital and contacting the police, the victim and her children went to a domestic violence shelter. A few days later, appellant approached the victim outside the shelter. The victim testified that appellant said she was keeping the kids from him, and that he was "saying that he had a gun and I needed to go with him." She further testified that she told him to leave, but he would not, and that he grabbed the stroller and tried to take their son. A witness described seeing appellant touching the victim's shoulder as she was trying to move away from appellant. The police were called, and appellant told them he wanted to see his kids.

**{¶8}** Our review reflects there was evidence to prove that appellant knowingly attempted to intimidate the victim of a crime in the filing or prosecution of criminal charges. Regardless of whether the victim actually believed appellant had a gun, R.C. 2921.04(B) requires only an "attempt to influence, intimidate, or hinder," and it is not required that the victim actually feel intimidated. *State v. Serrano*, 2016-Ohio-4691, 69 N.E.3d 87, ¶ 44 (8th Dist.). Nonetheless, the victim testified that she was "very, very scared" and that she feared if she went with appellant she "could be dead[.]" Also, although criminal proceedings had not yet been filed, the threat need not have occurred after formal criminal proceedings against appellant had commenced to sustain a conviction. *State v. Parker*, 2017-Ohio-4382, 93 N.E.3d 164, ¶ 48 (7th Dist.). Contrary to appellant's argument, there is nothing in the statute that requires the intimidation include a threat not to file charges. Here, a rational trier of fact could determine from the evidence that appellant intimidated the victim and tried to force her to go with him in an effort to prevent her from cooperating with the filing or prosecution of criminal charges.

**{¶9}** Appellant also argues that there was no unlawful threat of harm. An "unlawful threat of harm" requires more than just a threat, and is satisfied only when the very making of the threat is itself unlawful because it violates established criminal or civil law. *State v. Cress*, 112 Ohio St.3d 72, 2006-Ohio-6501, 858 N.E.2d 341, ¶ 41-42.

**{¶10}** We find there was sufficient evidence to prove appellant knowingly attempted to intimidate the victim "by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person." The evidence shows that appellant, who was a suspect, showed up to the domestic violence shelter where his alleged victim was staying and which is not supposed to be known to the public; he threatened that he had a gun and demanded the victim leave with him; he grabbed the stroller from the victim and attempted to take her son; and he was touching the victim's shoulder during the encounter. We find the state presented sufficient evidence to prove intimidation "by force or by unlawful threat of harm" to the victim. Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of intimidation of a witness proven beyond a reasonable doubt.

**{¶11}** Next, we consider appellant's conviction for obstructing official business in violation of R.C. 2921.31(A), which provides as follows:

> (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

If a violation for obstructing official business "creates a risk of physical harm to any person," then the offense is a felony of the fifth degree. R.C. 2929.31(B). In this case, the jury further found appellant did create a risk of physical harm to a named officer.

{¶12} The record herein reflects that the police responded to the domestic violence shelter and that appellant refused to be detained. One of the responding officers testified that he advised appellant that he was not under arrest, but he was going to be detained. The officer testified that after taking his handcuffs out to handcuff appellant for safety and advising appellant that he was going to be detained, appellant clenched up and held his arms toward his chest to prevent the officers from putting them behind his back. A physical struggle ensued as appellant resisted being handcuffed. The officer testified that appellant was grabbing and pulling the officer's arm, and at one point appellant pulled away toward the trunk of the car. The officer injured two fingers while trying to handcuff appellant and was diagnosed with a sprain.

{¶13} Appellant argues that the officers did not see a crime being committed, that he was not under arrest, and that there was no restraining order preventing him from being at the location. He also claims that he did not believe he had done anything wrong and that his refusal to be handcuffed was an act of omission, as opposed to an affirmative act. "To prove the crime of obstructing official business, there must be proof of an affirmative act that hampered or impeded the performance of the lawful duties of a public official." *Columbus v. Montgomery*, 10th Dist. Franklin No. 09AP-537, 2011-Ohio-1332, ¶ 90, citing *State v. Grooms*, 10th Dist. Franklin No. 03AP-1244, 2005-Ohio-706, ¶ 18. The mere failure to obey a public official's request may not amount to obstruction depending upon the circumstances involved. *See State v. Newsome*, 4th Dist. Hocking No. 17CA2, 2017-Ohio-7488, ¶ 10-11.

{¶14} Our review of the record reflects that the officers handcuffed appellant for safety purposes while initiating a lawful investigatory detention. The officer testified he was going to detain appellant for safety reasons because he received information of a possible kidnapping and because he knew suspects were not supposed to be at the domestic violence shelter. The evidence also was sufficient to prove that appellant's conduct in resisting the officers by clenching up and holding his arms close to his chest involved affirmative actions that hampered or impeded the officers in the performance of their lawful duties and that appellant acted with purpose to prevent, obstruct, or delay the officers' investigation. Finally, the record reflects that appellant did create a risk of physical harm and injured the officer who testified. Upon viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of obstructing official business proven beyond a reasonable doubt.

{¶15} Accordingly, we find the evidence is legally sufficient to support the guilty verdicts as a matter of law. Appellant's first assignment of error is overruled.

{¶16} Under his second assignment of error, appellant claims that his convictions for domestic violence are against the manifest weight of the evidence. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id*.

{¶17} Appellant was convicted of two counts of domestic violence in violation of R.C. 2919.25(A), which provides as follows:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

"Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶18} Here it is undisputed that the victim, who was appellant's long-time girlfriend, resided with appellant and was a household member. The victim conceded she had issues with drug addiction, but stated she was sober and on a treatment plan. She was taking methadone and attending meetings with a counselor at a methadone clinic.

{¶19} The two counts of domestic violence pertained to incidents occurring on two consecutive dates. The victim testified that appellant "kept saying I was cheating on him" and that he got abusive. She testified in detail to the alleged physical abuse appellant committed against her on the evening of June 14, 2017, and morning of June 15, 2017. She testified to the scratches and bruises she sustained. Defense counsel aptly cross-examined the victim regarding her account of the incidents and pointed out inconsistencies and contradictions in her testimony. Appellant contends that the victim initially lied to police and that her testimony lacked credibility.

{¶20} Although the jury found appellant not guilty on certain counts, we cannot say the jury lost its way in finding appellant guilty of the two counts of domestic violence. Furthermore, while we consider the credibility of witnesses in a manifest weight challenge, we remain mindful that the determination regarding witness credibility rests primarily with the trier of fact who hears all the testimony and is in the best position to observe the witnesses at trial. *State v. Mossburg*,

8th Dist. Cuyahoga No. 98769, 2013-Ohio-1664, ¶ 22. "[A] defendant is not entitled to a reversal on manifest-weight grounds merely because inconsistent evidence was presented at trial." *Id*., citing *State v. Gaughan*, 8th Dist. Cuyahoga No. 90523, 2009-Ohio-955, ¶ 32.

**{¶21}** In this matter, the victim testified that appellant physically abused her on both dates. Her testimony was corroborated by other testimony in the record. The victim's counselor at the center testified to her observations of appellant when the victim reported the abuse. She testified that the victim "appeared to be shocked" and had "just [a] plethora of emotions" upon reporting the first incident. Although she did not observe any marks on the victim, she assisted the victim in developing a safety plan. The victim's counselor testified that the victim returned the next morning and "was in extreme crisis. Very emotional." The counselor observed bruises on the victim's hip, thigh, and arms. As a result of the meeting, domestic violence services were contacted and the police were called. The victim was taken to a hospital where a rape kit was performed. The sexual-assault nurse-examiner testified to bruising and redness observed and documented on appellant. She testified that part of the victim's discharge plan was to go to a domestic violence shelter. Photographs were introduced depicting bruises to the victim's neck, arms, hip, legs, and back.

**{¶22}** Upon the record before us, we cannot say that this is the exceptional case where the court clearly lost its way in finding appellant guilty of the domestic violence counts. Accordingly, appellant's second assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PETER M. HANDWORK, J.,* CONCUR